**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.A.-1 and K.A.**

**No. 22-0141** (Kanawha County 21-JA-70 and 21-JA-71)

**MEMORANDUM DECISION**

Petitioner Father B.A.-2, by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's January 19, 2022, order terminating his parental rights to B.A.-1 and K.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittney N. Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon K. Childers, also filed a response on the children's behalf in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2021, the DHHR filed a child abuse and neglect petition alleging that petitioner's substance abuse resulted in abuse and neglect of the children. As set forth in the petition, the children disclosed that they witnessed petitioner inject heroin intravenously, and the DHHR alleged that petitioner's used needles were left in reach of the children, who were then ages six and seven. In April of 2021, the circuit court held a contested adjudicatory hearing, during which it heard testimony consistent with the allegations in the petition. The court adjudicated petitioner as an abusing parent and the children as abused and neglected children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as a child and petitioner share the same initials, we refer to them as B.A.-1 and B.A.-2, respectively, throughout this memorandum decision.

1

The circuit court held two contested dispositional hearings, beginning in December of 2021 and ending in January of 2022. Upon the evidence presented, the circuit court found that petitioner failed to acknowledge the conditions of neglect or abuse and continued to deny that he suffered from substance abuse addiction. The court also found petitioner inconsistently participated in reunification services, tested positive for methamphetamine "for the few drug tests he participated in," appeared intoxicated during meetings with service providers, and had yet to begin any substance abuse treatment programs. The court determined that petitioner continued to abuse drugs throughout the proceedings. It further noted that petitioner was unemployed, had no independent housing, and could not financially support the children. The circuit court ultimately concluded that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that it was necessary for the children's welfare to terminate petitioner's parental rights. The circuit court terminated petitioner's parental rights upon these findings. Petitioner now appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights and that it should have granted him a post-adjudicatory improvement period. However, petitioner fails to show that he filed a written motion to request a post-adjudicatory improvement period. This Court recently held that "[a] circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) (eff. 2015) unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021 WL 5355634 (W. Va. Nov. 17, 2021).

---

[2]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption by their current foster parents.

Therefore, in the absence of petitioner's motion, the circuit court was not at liberty to grant petitioner a post-adjudicatory improvement period.

Moreover, the circuit court found that petitioner failed to acknowledge the conditions of abuse and neglect, and petitioner does not challenge that finding on appeal. This Court has held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Based on the record before this Court, we find that granting petitioner an improvement period would have been an exercise in futility, and we conclude that petitioner was entitled to no relief in this regard.

Further, we find no error in the circuit court's termination of petitioner's parental rights to the children. Based on petitioner's failure to acknowledge the conditions of abuse and neglect, his ongoing substance abuse, and his inconsistent participation in services, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was in the children's best interest. These findings, which are fully supported by the record, are sufficient to terminate a parent's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings). *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially correct").

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 19, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3